UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

SETONDJI NAHUM,

    *Plaintiff*,

v.

THE BOEING COMPANY, *et al.*,

    *Defendants*.

CASE NO. 2:19-cv-1114-BJR

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO STRIKE; GRANTING PLAINTIFF'S MOTION TO AMEND; DENYING PLAINTIFF'S MOTION FOR POLYGRAPH EVIDENCE

## I. INTRODUCTION

*Pro se* Plaintiff Setonji Nahum ("Nahum") brought this employment discrimination action against Defendants The Boeing Company ("Boeing") and one of its managers. Compl., Dkt. No. 1. Presently before the Court are Defendants' motion to dismiss and for other relief, and a cross motion by Plaintiff to permit him to amend his complaint. Additionally, Plaintiff moves the Court to require the use of polygraphs for all proceedings. Having considered the parties' submissions, the record of the case, and relevant legal authorities, the Court orders as follows:

## II. BACKGROUND

Nahum was hired by Boeing in February 2018 as a Manufacturing Industrial Engineer in support of Boeing's 777X program in Everett, Washington. Compl., Dkt. No. 1. On September 4, 2018, Nahum received a Corrective Action (CAM) purportedly for failure to comply with management's expectations and request that he perform certain work. *Id.* at 13-14. On February

1

7, 2019, he was issued a second CAM for again purportedly failing to comply with management directions and expectations that he complete required tasks. *Id.* at 16-17.

On March 18, 2019, Nahum filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"), case number 551-2019-01088, claiming that Boeing discriminated against him because of his race by: (1) treating him less favorably than employees outside of his protected class; (2) issuing him corrective actions in September 2018 and February 2019 for minor issues that he did not believe others were written up for; (3) giving him an unfavorable mid-year performance evaluation for having disputes with other employees; and (4) reassigning him to another work area on the basis that his co-workers were afraid to work with him. Dkt. No. 21 at 4.

On May 13, 2019, Boeing issued Nahum a third CAM for failing to comply with management direction to complete required tasks. Boeing fired him the same day. *Id.* at 17-18.

At Nahum's request, the EEOC issued a Notice of Right to Sue on May 30, 2019. *Id.* at 36. This closed the EEOC case.

Plaintiff filed a Complaint[1] with seven Claims against Boeing and Jeffrey Dillaman, a Boeing manager, on July 18, 2019. Dkt. No. 1. The Complaint alleges that Defendants engaged in acts of discrimination from February 16, 2018 until May 13, 2019. *Id.* at 5.

---

[1] This case was initially assigned to Judge Marsha J. Pechman but was reassigned to the undersigned on October 1, 2019. Though Plaintiff was initially assigned counsel from the *pro bono* pool, he now appears *pro se*.

## III. LEGAL STANDARDS

### A. Failure to State a Claim

Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While "detailed factual allegations" are not required, a complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under Rule 12(b)(6), dismissal can be granted based on "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the nonmoving party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded facts as true and draw all reasonable inferences in a plaintiff's favor. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The Court also liberally construes a complaint filed by a *pro se* litigant such as Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of

record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986), and the court cannot supply essential facts that the *pro se* plaintiff has failed to plead, *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### B. Leave to Amend

When dismissing a case for failure to state a claim, the district court "should grant leave to amend ... unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) (internal quotation marks omitted). A court may freely grant leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit recognizes that the purpose of this provision of Rule 15(a) is "to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Where amendment of the complaint would be futile, the court need not permit leave to amend even under the liberal construction of *pro se* pleadings. *Lopez*, 203 F.3d at 1128; *Nunes v. Ashcroft*, 375 F.3d 810, 813 (9th Cir. 2004). Thus, if there is a clear legal or factual bar to a plaintiff's claims that cannot be overcome by the allegation of additional facts, leave to amend need not be granted.

### IV. ANALYSIS

### A. Defendants' Motion to Dismiss

Defendants move to dismiss each of Plaintiff's seven Claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. No. 28.

### 1. Title VII Racial Discrimination (Claim 1)

Plaintiff's Claim 1 alleges racial discrimination under Title VII of the Civil Rights Act of 1964. In order to establish a claim for unlawful employment discrimination under Title VII, a plaintiff must show: (1) that he belongs to a class of persons protected by Title VII; (2) that he was qualified for his position and performing his job satisfactorily; (3) that he experienced adverse employment actions; and (4) that similarly situated individuals outside of the protected class were treated more favorably, or other circumstances surrounding the adverse employment action giving rise to an inference of discrimination. *Hawn v. Executive Jet Management, Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Defendants move to dismiss, arguing that the Complaint fails to make a *prima facie* case of race discrimination because it is conclusory, does not allege sufficient facts to show any adverse action, and fails to allege facts showing a connection between his race and any actions taken by Defendants.

The Complaint easily satisfies the first two elements: that Plaintiff belonged to a class of persons protected by Title VII, and that he pleaded facts alleging that he was qualified for the position and performing his job satisfactorily. Defendants argue that Plaintiff fails as to the third and fourth elements.

The third element is that Plaintiff must demonstrate that he suffered an adverse employment action. The standard for an adverse employment action is "a material employment disadvantage, such as a tangible change in duties, working conditions or pay." *Jinadasa v. Brigham Young Univ. - Hawaii*, No. 14-00441 SOM/BM, 2015 WL 3407832, at *4 (D. Haw. May 27, 2015). Several pages of the Complaint include factual allegations that Defendants took acts that tangibly affected Plaintiff's duties and work conditions, including acts of exclusion, fictitious

corrective actions, and disciplinary and corrective measures. The Court concludes that Plaintiff has pled sufficient facts as to adverse actions.

Defendants next turn to the fourth element, arguing that Plaintiff's claim for race discrimination must be dismissed for failure to set forth sufficient facts showing a connection between his race and any actions against him. The Court notes that the Complaint repeatedly refers to Plaintiff as "the African and Black male" and states that the treatment he received from Defendants was because of his race. While the Complaint does not specifically allege facts that the adverse actions were taken *because of* his race, or that other similarly situated individuals fared better *because of* their race, the Court nevertheless concludes that Plaintiff meets the pleading threshold for the fourth element of discrimination in that the circumstances of the adverse actions give rise to an inference of discrimination.

Since the elements of this claim are satisfactorily pled, the Court will deny Defendants' motion to dismiss this claim.

### 2. Title VII Retaliation (Claim 2)

Plaintiff's Claim 2 alleges that Defendants wrongfully fired him in retaliation for Plaintiff filing a racial discrimination charge with the EEOC. Defendants move to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies for this Claim. To establish the district court's subject matter jurisdiction over a Title VII retaliation claim, a plaintiff must first exhaust his administrative remedies by filing a timely charge with the EEOC. *See* 42 U.S.C. § 2000e–5(b); *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1099 (9th Cir. 2002).

Plaintiff does not contest that he did not raise his claim about a retaliatory firing with the EEOC. A retaliation claim that was not presented to the EEOC may still survive if it is "like or reasonably related to" the matters that were put forth to the EEOC. *Anderson v. American Airlines,*

*Inc.*, 252 F. App'x 166, 167-68 (9th Cir. 2007). The Ninth Circuit in *Vasquez v. County of Los Angeles* further clarified this standard to mean that the retaliation claim must be based on the same set of "operative facts" as the EEOC discrimination claim. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 645 (9th Cir. 2003) (affirming dismissal of a retaliation claim because the plaintiff "did not present the legal theory of unlawful retaliation, and the operative facts regarding this part of his claim were not related to the facts in the EEOC charge, he did not exhaust his administrative remedies."). The *Vasquez* court used "operative facts" to refer to the "same acts specified as retaliation in his [EEOC] claim." *Id.* at 645-46.

Here, Plaintiff filed his EEOC complaint on March 18, 2019. The alleged retaliatory act of Defendants firing him occurred on May 13, 2019. Plaintiff, in a time when he could have presented a new retaliation claim to the EEOC, instead sought a right-to-sue letter which closed his EEOC case on May 30, 2019. The firing did not occur within the timeframe of the events listed in the EEOC charge and was never brought to the EEOC's attention, so a reasonable investigation by the EEOC would not have encompassed this allegedly retaliatory act. Applying the *Vasquez* standard to these facts, the Court concludes that the allegedly retaliatory firing was based on a completely different set of operative facts than those in the EEOC complaint. Plaintiff having not exhausted his administrative remedies for his retaliation claim, the Court has no subject matter jurisdiction over this Claim. The Court will thus dismiss Claim 2 with prejudice; that is, without leave to amend the complaint.

### 3. Abuse of Power and Authority (Claim 3)

Claim 3 alleges wrongful termination through abuse of power and authority. The claim cites to inapposite authority (a section from the Code of Regulations on misdemeanors in Courts of Indian Offenses), and does not otherwise present a discernable cause of action over which this

Court has jurisdiction and could grant relief. The Court will grant Defendants' motion to dismiss this Claim with prejudice; that is, without leave to amend the complaint.

### 4. Harassment (Claim 4)

Claim 4 alleges that Plaintiff was subjected to harassment, which is also known as a hostile work environment claim. Defendants moves to dismiss, arguing that Plaintiff failed to exhaust his administrative remedies on this claim by not raising the issue with the EEOC. But Plaintiff's correspondence with the EEOC dated May 28, 2019 made numerous references to "harassment" and described conditions of a hostile work environment. *See* Dkt. No. 1-1, App'x C. Construing the claim in the light most favorable to Plaintiff, as it must, the Court concludes that the issue was raised before the EEOC and that Plaintiff's Claim is not thwarted by a failure to exhaust administrative remedies.

The Court next considers whether Plaintiff adequately pled the elements of this harassment claim. Under Title VII, a plaintiff establishes a hostile work environment based on race when he shows that he was subject to verbal or physical conduct of a racial nature, the conduct was unwelcome, and the conduct was "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 342–43 (9th Cir. 2003). To decide whether conduct is severe or pervasive, courts must look at "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Vasquez*, 349 F.3d at 642. Plaintiff's Complaint asserts that he was referred to as "a fraud, a drug dealer, a rat, a dog, a slave worker to be sold, a carpet to be stepped on with approval from management, a dead horse." Dkt. No. 1 at 25. He claims that he was subject to corrective actions, put-downs, mind-numbing tasks,

insults, and gossip, which strained his mental health. *Id.* In the context of a motion to dismiss, the Court concludes that Plaintiff has stated sufficient facts at this stage to support a claim for harassment (hostile work environment) under Title VII.

### 5. Defamation (Claim 5)

Claim 5 alleges defamation.[2] Plaintiff asserts that Defendants made false assertions of fact in three "fictitious" corrective actions that harmed his reputation and resulted in him being fired. The Complaint alleges defamation under both federal and state law but does not identify any discernable federal cause of action. The Court will thus analyze the claim only under Washington state law. In Washington, a defamation action consists of four elements: (1) a false statement, (2) publication, (3) fault, and (4) damages. *Duc Tan v. Le*, 177 Wash.2d 649, 662, 300 P.3d 356 (2013) (en banc).

Defendants move to dismiss, arguing that Plaintiff fails to meet the second required element for defamation in Washington state law: publication. The publication element requires that a defamatory statement be made to someone other than the person allegedly defamed. *Doe v. Gonzaga Univ.*, 143 Wash.2d 687, 701, 24 P.3d 390 (2001), *rev'd on other grounds*, 536 U.S. 273 (2002). Ordinarily, intercorporate communications do not meet the publication requirement. "… Washington courts have held that intra-corporate communications are not 'published' for defamation purposes because the corporation is essentially communicating with itself." *Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1139 (E.D. Wash. 2012) (citing *Gonzaga*, 143 Wn.2d

---

[2] In his Complaint and opposition brief, Plaintiff bolsters his assertions with statements that the Washington State Employment Security Department ruled against Defendants in a determination of whether Plaintiff was partially at fault for his firing due to misconduct. Defendants move to strike these parts of the Complaint (Dkt. No. 37 at 7-9), asserting that the actions of this agency would not be admissible evidence. Dkt. No. 37 at 7-9. The Court will not rule on this issue at this time.

9

at 701). Here, Plaintiff's Complaint does not indicate that any purportedly defamatory statements were published to anyone other than himself and Defendants' own intercorporate communications.

There is an exception to the general rule that intercorporate communications do not count as "publication" for defamation claims when the intercorporate communications were made with actual malice. *Armijo*, 868 F. Supp. 2d at 1139. "Malice" means knowledge of a statement's falsity or reckless disregard for a statement's truth or falsity. *Herron v. KING Broad. Co.*, 109 Wash.2d 514, 523, 742 P.2d 295 (1987) (citing *N.Y. Times v. Sullivan*, 376 U.S. 254, 279-80 (1964)). Here, Plaintiff did not plead any facts or non-conclusory statements suggesting malice. As a result, this Claim fails to sufficiently plead the publication element for defamation under Washington state law.

The Court will dismiss Claim 5 with leave to amend.

### 6. Conspiracy Against Civil Rights (Claim 6)

Claim 6 alleges Conspiracy against Civil Rights by listing a criminal statute that does not contain a private right of action. Defendants have convincingly demonstrated that this Claim lacks a cognizable legal theory. Therefore, this Claim is dismissed with prejudice; that is, without leave to amend.

### 7. Retaliation Through Act of Discrimination and Abuse of Office (Claim 7)

Claim 7 alleges "Retaliation through act of discrimination and abuse of office for quality control tasks and assignments performed in previous positions at Labinal Inc. and Sikorsky Aircraft." This Claim cites to the same inapposite authority from the Courts of Indian Offenses as with Claim 3. Defendants have convincingly demonstrated that this Claim lacks a cognizable legal theory. The Court will grant Defendants' motion and dismiss this Claim with prejudice; that is, without leave to amend.

### B. Defendants' Motion to Strike

Defendants also move to strike portions of the Complaint's request for relief. Rule 12(f) allows parties to move to strike "any redundant, immaterial, impertinent, or scandalous matter." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994). Here, Plaintiff's request for relief incudes (1) public admission of wrongdoing by Boeing, including for claims that are not alleged in the Complaint ("Threats, Blackmailing, violation of privacy"), and for events that occurred prior to his employment at Boeing; and (2) for Boeing employees to "have the courage to bring forth to court all and every 'gossip' . . . or be forever liable for any and every defamation statement." The Court agrees with Defendants that these are improper demands for relief. When faced with impermissible demands for relief, the Court will strike them. *See Bykov v. Rosen*, C15-0713-JCC, 2017 WL 5756593, at *1 (W.D. Wash. Nov. 28, 2017) ("This includes striking any part of the prayer for relief when the relief sought is not recoverable as a matter of law."). The Court will grant Defendants' motion and strike these impermissible portions of the requested relief.

### C. Plaintiff's Polygraph Motion

Plaintiff moves the Court to allow "the use of polygraph for all court hearings and depositions by all parties and all individuals." Dkt. No. 25 at 1. Defendant opposes, arguing that the applicable rules of procedure do not provide for the use of polygraph as requested. Dkt. No. 28. Plaintiff's requested procedure, i.e. the use of polygraphs, is impermissible and will not be allowed. Plaintiff's motion is denied.

## IV. CONCLUSION

The Court ORDERS as follows:

1. Defendants' motion to dismiss (Dkt. No. 21) each of the seven Claims of the Complaint (Dkt. No. 1) is GRANTED in part and DENIED in part, as follows:

    a. The motion is DENIED as to Claims 1 and 4.

    b. The motion is GRANTED as to Claim 5. Claim 5 is DISMISSED WITHOUT PREJUDICE.

    c. The motion is GRANTED as to Claims 2, 3, 6, and 7. These claims are DISMISSED WITH PREJUDICE.

2. Defendants' motion under Rule 12(f) to strike parts of the Complaint's request for relief is GRANTED.

3. Plaintiff's cross motion (Dkt. No. 29) for leave to amend his complaint is GRANTED in part. Plaintiff is granted leave to amend his defamation claim (Claim 5). Any amended complaint must be filed no later than January 10, 2020.

4. Plaintiff's motion concerning the use of polygraph (Dkt. No. 25) is DENIED.

5. The case management deadlines listed in this Court's Order Regarding Initial Disclosures and Joint Status Report (Dkt. No. 36) are AMENDED as follows: the Joint Status Report is now due by 3/13/2020; FRCP 26f Conference Deadline is now 3/2/2020; and Initial Disclosure Deadline is now 3/6/2020.

SO ORDERED.

DATED this 17th day of December, 2019.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE