UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SETONDJI NAHUM,

      *Plaintiff,*

v.

THE BOEING COMPANY, *et al.*,

      *Defendants.*

CASE NO. 2:19-cv-1114-BJR

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING DEFENDANTS' MOTION TO DISMISS

## I.    INTRODUCTION

Before the Court are two motions: (1) *pro se* Plaintiff Setondji Nahum's ("Plaintiff") Motion for Reconsideration, Dkt. No. 43, of the Court's Order Granting in Part and Denying in Part Defendants The Boeing Company ("Boeing") and one of its managers, Jeffrey Dillman's (collectively "Defendants") Motion to Dismiss, Dkt. No. 42,[1] and (2) Defendants' Motion to Dismiss Plaintiff's Amended Complaint, Dkt. No. 51. Having reviewed the motions, the

---

[1] In full, the Court's order was captioned "Order Granting in Part and Denying in Part Defendants' Motion to Dismiss; Granting Defendants' Motion to Strike; Granting Plaintiff's Motion to Amend; Denying Plaintiff's Motion for Polygraph Evidence." Dkt. No. 42.

1

oppositions thereto,[2] the record of the case, and the relevant legal authorities, the Court will deny Plaintiff's Motion for Reconsideration and deny Defendants' Motion to Dismiss. The reasoning for the Court's decision follows.

## II. BACKGROUND

The Court set forth the facts of this case in its previous order granting in part and denying in part Defendants' Motion to Dismiss. Dkt. No. 42 at 1–2. In brief, Plaintiff is a former Boeing employee. While employed by Boeing, he received two corrective actions indicating that he failed to comply with management's expectations and directions. Based on those actions, he filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") on March 18, 2019. On May 13, 2019, Boeing issued Plaintiff a third corrective action and terminated his employment the same day. Plaintiff then requested that the EEOC issue a Notice of Right to Sue based on his March 18 complaint, which it issued on May 30, 2019.

Plaintiff's original Complaint advanced seven causes of action: (1) Title VII Racial Discrimination; (2) Title VII Retaliation; (3) Abuse of Power and Authority; (4) Harassment; (5) Defamation; (6) Conspiracy against Civil Rights; (7) Retaliation through act of Discrimination and Abuse of Office. *See* Dkt. No. 1. The matter was originally assigned to Judge Marsha J. Pechman, at which time Defendants brought a motion to dismiss all of Plaintiff's causes of action. Dkt. No.

---

[2] Plaintiff has filed both a Reply to Defendants' Opposition to Plaintiff's Motion for Reconsideration, Dkt. No. 48, and a Surreply in Opposition to Defendants' Reply in Support of Defendants' Motion to Dismiss, Dkt. No. 55. Both the Reply and the Surreply required leave of the Court prior to submission. Local Rules W.D. Wash. LCR 7(h)(3); Dkt. No. 32 at II.A (this Court's standing order stating "[l]eave of Court must be obtained to file a sur-reply"); *see also* LCR 7(g). This is the second and third time Plaintiff has filed an unauthorized surreply. *See* Dkt. No. 38. However, the Court will not strike these briefs. In the future, the Court urges Plaintiff to observe the Court's rules regarding filing unauthorized briefs.

21. The matter was then reassigned to the undersigned on October 1, 2019, Dkt. No. 23, and the Court granted in part and denied in part Defendants' Motion, Dkt. No. 42. The Court granted dismissal with prejudice for Claims 2, 3, 6, and 7; dismissal without prejudice for Claim 5; and denied dismissal of Claims 1 and 4. *See* Dkt. No. 42 at 12. In the same Order, the Court also granted Defendants' motion to strike parts of Plaintiff's original Complaint; granted Plaintiff's cross motion for leave to amend his Complaint as to Claim 5, Dkt. No. 29; and denied Plaintiff's Motion for the Use of Polygraph, Dkt. No. 25. *Id.*

Plaintiff has now filed a Motion for Reconsideration of the Court's Order. Dkt. No. 43. Plaintiff asks the Court to reconsider each of the claims dismissed, with or without prejudice; its decision to deny the use of a polygraph; and belatedly to strike Defendants' Motion to Dismiss for failure to comply with the Court's standing order requiring motions to contain a Certificate of Conferral. Additionally, Plaintiff appears to be contending that the Court misapplied the standard for *pro se* pleadings. *See* Dkt. No. 48 at 3–5.

After submitting his Motion for Reconsideration, Plaintiff filed an Amended Complaint. Dkt. No. 47. The Amended Complaint includes the same causes of action as Plaintiff's original Complaint, including those dismissed with prejudice. Defendants move to dismiss Claim 5 (Defamation) of the Amended Complaint, the only claim previously dismissed by this Court without prejudice. Dkt. No. 51 at 2 n.1.

## III. PLAINTIFF'S MOTION FOR RECONSIDERATION

### A. Legal Standard

"Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR 7(h)(1); *see also Doe v. Trump*, 284 F. Supp. 3d 1182, 1184 (W.D. Wash. 2018). Reconsideration is only

3

appropriate where a movant can show (1) "manifest error" or (2) "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1); *see also Wilcox v. Hamilton Constr., LLC*, No. 18-cv-1756, 2019 WL 2515332, at *2 (W.D. Wash. June 18, 2019).

**B. Certificate of Conferral**

Plaintiff contends that the Court should have dismissed Defendants' original Motion to Dismiss for failure to include a Certificate of Conferral pointing to this Court's standing order requiring parties to include "a certificate that the parties have met and conferred" and ordering that a failure to do so will result in summary denial of the motion. *See* Dkt. No. 43 at 2, 9; Dkt. No. 48 at 2–3; *see also* Dkt. No. 32 at II.C (Court's standing order).

Defendants' original motion was filed on September 30, 2019, while this matter was still assigned to Judge Pechman. This Court's standing order, and the requirement to include a Certification of Conferral, simply was not relevant at that time.[3]

**C. Pro Se Pleadings**

Numerous sections of Plaintiff's briefing for both the Motion for Reconsideration and the Motion to Dismiss stress the permissive standards granted *pro se* plaintiffs and appear to assert that the Court erred by not applying these permissive standards when it granted dismissal of Plaintiff's claims. *See* Dkt. No. 43 at 4–5, 6; Dkt. No. 48 at 2, 4–5; Dkt. No. 53 at 3; Dkt. No. 55 at 3.

As the Court stated in its Order, "the Court [] liberally construes a complaint filed by a *pro*

---

[3] Defendants have included a Certificate of Conferral with their new Motion to Dismiss. *See* Dkt. No. 51 at 10.

4

*se* litigant such as Plaintiff." Dkt. No. 42 at 3 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, as the Court went on to explain "the [C]ourt cannot supply essential facts that the *pro se* plaintiff has failed to plead." *Id.* at 4 (citing *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Nor can the Court supply Plaintiff with "essential elements of [his] claim," such as a cause of action, where he has failed to properly plead one. *See United States v. Duck*, 774 F. App'x 1039, 1041 (9th Cir. 2019); *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014); *Pena*, 976 F.2d at 471; *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). The Court was well aware of its obligation to construe *pro se* plaintiffs' pleadings liberally and was also aware of the limitations on that obligation.

**D. Title VII Retaliation (Claim 2)**

The Court dismissed Plaintiff's Title VII Retaliation Claim based on Plaintiff's failure to exhaust his administrative remedies. Dkt. No. 42 at 6–7. Specifically, the Court found that Plaintiff had not reported his allegedly retaliatory termination to the EEOC before bringing the claim in this Court. As the Court explained, "Plaintiff, in a time when he could have presented a new retaliation claim to the EEOC, instead sought a right-to-sue letter which closed his [already filed] EEOC case." *Id.* at 7. According to Plaintiff, this finding was in error because he disclosed "new discrimination and retaliation acts" to an EEOC investigator on April 19, 2019 and was told that his claims would be "encompassed and investigated as part of [his] ongoing claim." Dkt. No. 43 at 3.

These allegations, however, do not raise "new facts" warranting reconsideration. Plaintiff already argued while opposing Defendants' original Motion to Dismiss that he brought "multiple charges" to the EEOC's attention, "including retaliation," that he was told would be "incorporated

5

into the first charge filed by Plaintiff." Dkt. No. 29 at 16. Thus, the Court has already heard and rejected this argument.

The only new information Plaintiff provides in his Amended Complaint is the alleged April 19th meeting with an EEOC investigator. The April 19th meeting, however, cannot serve as grounds for reconsideration. First, as the meeting included Plaintiff, its occurrence could not represent a new fact unavailable to Plaintiff at the time he filed his opposition to the original Motion to Dismiss. Even were the Court to examine the merits of the allegation, the meeting took places weeks before the retaliatory actions Plaintiff alleges, that is his third corrective action and termination, which both occurred on May 13, 2019. Simply put, there is no way his EEOC complaint could have included a charge of retaliatory actions where those actions occurred *after* he spoke to the EEOC's investigator. The Court, therefore, finds no grounds to reconsider its holding on Claim 2.

**E. Abuse of Power and Authority (Claim 3) and Retaliation Through Act of Discrimination and Abuse of Office (Claim 7)**

Plaintiff proffers the same arguments for reconsideration of Claims 3 and 7. The Court originally found that, as to both Claims, Plaintiff failed to identify a valid cause of action by basing his claims on 25 C.F.R. § 11.448 (Abuse of Office). *See* Dkt. No. 42 at 7–8, 10. That section provides a criminal offense under the jurisdiction of the Courts of Indian Offenses. In his Motion for Reconsideration, Plaintiff concedes that he pointed to inapposite authority, but fails to provide an appropriate cause of action for this claim. Dkt. No. 43 at 4–6, 7–8. In fact, Plaintiff's Amended Complaint points to the same already rejected authority. *See* Dkt. No. 47 at 7, 11. As such, the Court finds no grounds for reconsideration of Claims 3 and 7.

### F. Conspiracy against Civil Rights (Claim 6)

Plaintiff's original Complaint cited to the criminal statute 18 U.S.C § 241 (Conspiracy against Rights) as authority for Claim 6. Dkt. No. 1 at 10, 30.[4] The Court dismissed Claim 6 ruling that Plaintiff failed to present a cognizable legal theory for his civil claim. Dkt. No. 42 at 10. In his Motion for Reconsideration, Plaintiff argues that the Court failed to note that he also pointed to Title VII of the Civil Rights Act of 1964 as grounds for his claim. Dkt. No. 43 at 7. Title VII of the Civil Rights Act, however, provides a cause of action for employment discrimination, not "Conspiracy against Civil Rights." *See* 42 U.S.C. § 2000e–5. Thus, Plaintiff's argument is of no avail.

Furthermore, Plaintiff has failed to plead the elements of civil conspiracy. Plaintiff's claim is that Boeing conspired to violate his civil rights to seek employment by offering him a settlement that restricted his right to reapply to Boeing or any of its subsidiaries. Dkt. No. 1 at 10, 30. To establish a common law claim for civil conspiracy, a plaintiff must show, "by clear, cogent, and convincing evidence," that "(1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means[] and (2) the conspirators entered into an agreement to accomplish the conspiracy." *Conklin v. Univ. of Washington Med.*, No. 18-cv-0090, 2018 WL 5895352, at *4 (W.D. Wash. Nov. 9, 2018) (quoting *Bonneville v. Pierce Cty.*, 202 P.3d 309, 318 (Wash. Ct. App. 2008)). Here, Plaintiff has not pled that Boeing acted in concert with a third-party to accomplish the allegedly unlawful action. The only other person who could

---

[4] Plaintiff presents the same criminal statute in his Amended Complaint. Dkt. No. 47 at 10, 32.

have acted in concert with Boeing to accomplish the allegedly illegal act of constraining Plaintiff's ability to reapply was Plaintiff by agreeing to the settlement. Plaintiff cannot qualify as a co-conspirator. Therefore, there are no grounds warranting reconsideration of this claim.

### G. Plaintiff's Polygraph Motion

Plaintiff contends that the Court erred in denying him permission to use a polygraph "for all court hearings and depositions." Dkt. No. 43 at 8. Plaintiff, however, proffers no authority requiring the Court to grant his request, nor could he since no such federal authority exists. *See, e.g.*, *Johnson v. Ohio Dep't of Rehab. & Corr.*, No. 13-cv-583, 2014 WL 5782939, at *2 (S.D. Ohio Nov. 6, 2014) ("plaintiff has pointed to no persuasive authority for his request to compel a party to undergo a polygraph examination"); *Sango v. Johnson*, No. 13-cv-12808, 2014 WL 4658320, at *2 (E.D. Mich. May 22, 2014), *adopted by*, 2014 WL 4658385 (E.D. Mich. Sept. 17, 2014) ("The Federal Rules of Civil Procedure do not provide for discovery in the form of compelling polygraph examinations of parties or other individuals, and [Plaintiff] has provided the Court with no other valid basis for ordering one in this case.").

## IV. DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED DEFAMATION CLAIM

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). While a complaint does not require "detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, allegations in a complaint must only provide a sufficient basis "to state a claim to relief that is plausible on its face." *Id.* at 570.

In reviewing a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all well-pleaded factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the plaintiff." *Walker v. Fred Meyer, Inc.*, No. 18-35592, 2020 WL 1316691, at *4 (9th Cir. Mar. 20, 2020) (citing *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017)).

**B. Defamation (Claim 5)**

Under Washington law,[5] a defamation action consists of four elements: (1) a false statement, (2) unprivileged publication, (3) fault, and (4) damages. *Duc Tan v. Le*, 300 P.3d 356, 364 (Wash. 2013); *see also Seaquist v. Caldier*, 438 P.3d 606, 612 (Wash. Ct. App. 2019). Defendants challenge Plaintiff's Amended Complaint for failure to show an unprivileged publication. Dkt. No. 51 at 4. Publication requires that "the defamation be communicated to someone other than the person defamed." *Doe v. Gonzaga Univ.*, 24 P.3d 390, 397 (Wash. 2001), *rev'd on other grounds*, 536 U.S. 273 (2002); *see also Delashaw v. Seattle Times Co.*, No. 18-cv-0537, 2018 WL 4027078, at *10 (W.D. Wash. Aug. 23, 2018).

Plaintiff's Amended Complaint claims publication of defamatory remarks through a letter dated July 12, 2019. *Id.* at 9, 27–31. The letter was sent by Boeing through its unemployment agent, TALX UCM Services, to Washington State's Employment Security Department ("ESD") appealing ESD's determination that Plaintiff should receive unemployment benefits. *See* Dkt. No.

---

[5] Plaintiff's Amended Complaint pleads a cause of action for defamation under federal law. Dkt. No. 47 at 27. His complaint identifies 28 U.S.C. § 4101(1) as the source for his federal defamation cause of action. *Id.* at 4. That statute, however, provides a definition for "defamation" for the purpose of judicial recognition of foreign defamation judgments. It does not provide an independent private cause of action for defamation. The Court, therefore, again dismisses Plaintiff's federal defamation claim for failure to identify a cause of action. *See* Dkt. No. 42 at 9 (Court's order dismissed federal defamation claim because the original Complaint "does not identify any discernable federal cause of action"); *see also Pena*, 976 F.2d at 471–72.

47 at 57; Dkt. No. 52 at 5; Dkt. No. 53 at 13 (same letter provided with various degrees of redactions). This communication does not constitute unprivileged publication.

Intracorporate communications, including communications with a corporate agent, are subject to a qualified privilege and "are not 'published' for purposes of defamation" because they constitute a corporation communicating only with itself. *Doe*, 24 P.3d at 397 (citing *Prins v. Holland-North Am. Mortgage Co.*, 181 P. 680 (Wash. 1919)); *see also Armijo v. Yakima HMA, LLC*, 868 F. Supp. 2d 1129, 1139 (E.D. Wash. 2012). Boeing's transmittal of the letter through its employment agent, therefore, does not constitute publication.

As for the communication with ESD, communications made to state regulatory entities are statutorily immune from civil liability, including for claims of defamation. RCW § 4.24.510; *see also Akmal v. Cingular Wireless, Inc.*, No. 06-cv-748, 2007 WL 1725557, at *5 (W.D. Wash. June 8, 2007). Boeing's transmittal of the letter to ESD, therefore, cannot form the basis of a defamation suit.

The intracorporate communications privilege, however, may be lost where the allegedly defamatory statements are made with actual malice. *Armijo*, 868 F. Supp. 2d at 1139; *see also Doe*, 24 P.3d at 397–98.[6] "Actual malice exists when a statement is made 'with knowledge of its falsity or with reckless disregard of its truth or falsity.'" *Doe*, 24 P.3d at 398 (quoting *Herron v. KING Broad. Co.*, 746 P.2d 295, 301 (Wash. 1987). To show actual malice a plaintiff must

---

[6] To the extent that Plaintiff argues the July 12 letter was outside of the scope of TALX UCM Services' scope as agent, this argument also fails. *See* Dkt. No. 53 at 5 ("TALX UCM Services . . . received materials that are out of the scope of their business entity services and operations"). As the subject of the letter pertained to an employment dispute, it is indisputable that the contents of the letter were well within Boeing's unemployment agent's scope.

10

"establish that the speaker knew the statement was false, or acted with a high degree of awareness of its probable falsity, or in fact entertained serious doubts as to the statement's truth." *Id.* (quoting *Story v. Shelter Bay Co.*, 760 P.2d 368, 373 (Wash. Ct. App. 1988)); *see also Sweeney v. Manorcare Health Servs., Inc.*, No. 03-cv-5320, 2006 WL 1042015, at *11 (W.D. Wash. Apr. 5, 2006). At the same time, the Federal Rules of Civil Procedure allow plaintiffs to allege malice, along with "other conditions of a person's mind," generally. FED. R. CIV. P. 9(b).

Plaintiff's Amended Complaint sufficiently pleads actual malice. The Amended Complaint alleges that Boeing constructed the three corrective actions based on fictitious misconduct and that Boeing knew as much because Plaintiff actually completed the underlying tasks requested. *See* Dkt. No. 47 at 28–31. These allegedly false reports were then disseminated in the July 2019 letter through their attachment. *See* Dkt. No. 52 at 5 ("The claimant was discharged when he failed to perform a statement of work as requested. Please see the attached statements, corrective action memos, meeting request . . ." etc.).[7] Taking these allegations in a light most favorable to Plaintiff, as the Court must on a motion to dismiss, the Court concludes that the dispute over the legitimacy of the underlying corrective actions provides sufficient grounds, at this early stage, for Plaintiff's assertion of actual malice.

---

[7] The letter itself may be considered as it is appended to Plaintiff's Amended Complaint. Dkt. No. 47 at 57; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. A court may, however, consider certain materials—documents attached to the complaint . . . —without converting the motion to dismiss into a motion for summary judgment.") (Internal citations removed).

11

## V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's Motion for Reconsideration, Dkt. No. 43, and DENIES Defendants' Motion to Dismiss, Dkt. No. 51. The only claims which remain are Plaintiff's Claims 1, 4, and 5.

DATED this 2nd day of April, 2020.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE