UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETONDJI VIRGILE NAHUM<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE BOEING COMPANY, *et al*.<br><br>　　　　　Defendants. | Case No.: 19-cv-01114-BJR<br><br>ORDER DENYING MOTION TO COMPEL |

## I.　　INTRODUCTION

Plaintiff Setonji Nahum ("Plaintiff")[1] brings this employment discrimination action against The Boeing Company ("Boeing") and one of its managers, Jeffrey Dillaman, (collectively, "Defendants") in which he asserts several employment-related causes of action. Currently before the Court is Plaintiff's motion to compel discovery, which Defendants oppose. Dkt. Nos. 70, 73. Having reviewed the motion, opposition thereto, the relevant legal authority, and the record of the case, the Court will deny the motion. The reasoning for the Court's decision follows.

---

[1] Plaintiff is *pro se*.

1

## II.  BACKGROUND

Plaintiff served Defendants with his first request for written discovery and production of documents on October 1, 2019. Dkt. No. 70, Ex. A. Defendants responded to the discovery request on March 27, 2020.[2] Plaintiff alleges that Defendants' document production was insufficient and, as such, in mid-April 2020, the parties held a meet and confer conference to discuss Plaintiff's concerns regarding Defendants' production.[3] During this telephone conference, Plaintiff identified additional materials that he wanted Defendants to produce.[4] Defendants allege that Plaintiff's

---

[2] Defendants alleged that they produced the following documents in response Plaintiff's discovery request:
- Plaintiff's personnel file, including his application materials, training history, performance evaluation, and payroll records;
- Plaintiff's labor relations file, including documents related to his union grievances of his corrective actions and communications with union representatives;
- Boeing's file on Plaintiff's EEOC charge, including investigation materials, witness statements, and submissions to the EEOC;
- Boeing's file on Plaintiff's unemployment claim;
- Investigation files maintained by Boeing's fact-finding investigators, including emails and substantive work product, relating to Plaintiff's corrective action and discharge;
- Investigation files maintained by the Boeing's EEO and Ethics departments regarding Plaintiff's challenges to his corrective actions;
- substantive work product, that Plaintiff himself submitted to the investigator to support his claims that corrective action was unwarranted;
- Documents regarding Plaintiff's performance maintained by Plaintiff's manager, Jeffrey Dillaman, including emails and notes documenting concerns about Plaintiff's performance, emails received from coworkers concerning Plaintiff, and communication with fact-finders and investigators;
- Documents regarding Plaintiff's performance maintained by Plaintiff's second-level manager, including organizational charts, emails and notes documenting concerns about Plaintiff's performance, emails received from coworkers concerning Plaintiff, and communication with fact-finders;
- All SATs assigned to Plaintiff during his employment, including, but not limited to, those related to his corrective actions;
- All PPCR reports assigned to Plaintiff during his employment, including, but not limited to, those related to his corrective actions; and
- Relevant company policies.

Dkt. No. 74 Declaration of Kathryn J. Ranieri at ¶¶ 6, 8

[3] Defendants have their own concerns regarding Plaintiff's response to their discovery requests but have not yet moved to compel his responses, but continue to attempt to resolve this issue without this Court's intervention.

[4] Defendant requested the following additional documents:
- Documents related to his work stored on Boeing's shared files;
- Bar charts and doors packages for control codes 304BM, 306, and 307;
- Bar charts from the analyst who held Plaintiff's position before him;
- Governing protocols for PPCRs;
- Line of Balance data;
- Correspondence/documents evidencing other employees saying that they refused to work with Plaintiff; and

request for additional material was overbroad, unduly burdensome, and irrelevant; nevertheless, Defendants agreed to "search[] for and collect[] [the] additional documents". Dkt. No. 74, Declaration of Kathryn J. Ranieri at ¶ 15. Thereafter, on June 11 and 16, 2020, Defendants produced "all work files uploaded by Plaintiff to his team's shared folders, all bar charts in the shared folder from both Plaintiff and the preceding analyst in his role, Line of Balance files, PPCR authoritative documents, and additional email correspondence regarding Plaintiff's work product." Dkt. No. 73, (citing Ranieri Decl. at ¶ 21). Defendants allege that with this production, they have produced all documentation responsive to Plaintiff's discovery requests that is relevant to his claims in this lawsuit.

Plaintiff disagrees. He claims that "[D]efendants ha[ve] not shown any desire to take [his] request for discovery seriously. Instead the [D]efendants have been producing whatever [they] wish[] to produce as opposed to providing clear answers to the discovery and actually sufficiently satisfy the plaintiff's request for discovery." Dkt. No. 70 at 2-3.  He complains that Defendants have produced "disjointed email communication, non-genuine material, and multiple set[s] of irrelevant materials." *Id*. at 2. He also alleges that the "font and formatting" of the documents produced indicate that Defendants "have been t[a]mpering with the evidence in this federal case." *Id*. at 4. Therefore, Plaintiff requests that this Court order Defendants to promptly comply with his outstanding discovery requests.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure ("FRCP") 37(a)(1) provides that in the event a party does not respond to a discovery request the proponent of the discovery "may move for an order compelling disclosure or discovery." Fed. R. Civ. Pro. 37(a)(1); *see also Lim v. Franciscan Health*

---

- Documents related to an audit he performed as an independent contractor. Dkt. No. 73 at 5.

3

*Systems*, 2006 WL 3544605, *1 (W.D. Wash. Dec. 8, 2006) ("Where the response to discovery is unsatisfactory, the party seeking discovery may file a motion to compel discovery . . . ."). The movant must certify that he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. Pro. 37(a)(1). The movant bears the burden of informing the Court: "(1) which discovery requests are the subject of his motion to compel, (2) which of the [] responses are disputed, (3) why the responses are deficient, (4) the reasons [the] objections [if any] are without merit, and (5) the relevance of the requested information to the prosecution of his action." *Hupp v. San Diego County*, 2014 WL 1404510, *2 (S.D. Cal. April 10, 2014) (citing *Brooks v. Alameida*, 2009 WL 331358, at *2 (E.D.Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion.")).

## IV.   DISCUSSION

Defendants object to Plaintiff's motion to compel on two grounds. First, they charge that the motion is procedurally deficient because Plaintiff failed to exhaust the meet and confer requirement specified in Local Civil Rule 37(a)(1) ("LCR 37(a)(1)") and this Court's Standing Order for Civil Cases ("Standing Order"). Second—as to the merits of the motion—Defendants claim that they have fully complied with their discovery obligations and, indeed, produced material far in excess of such obligations in order to work cooperatively with Plaintiff.  The Court will address each argument in turn.

### A.   Whether the Motion to Compel Is Procedurally Defective

Defendants urge this Court to deny the motion to compel as procedurally noncompliant because Plaintiff failed to meaningfully exhaust the meet-and-confer requirements under LCR 37(a)(1). Defendants allege that the parties agreed to reconvene their meet-and-confer efforts after

4


Defendants' latest document production on June 16, 2020 but, instead, Plaintiff filed the instant motion. Defendants also note that Plaintiff filed the instant motion without first contacting the Court to schedule a telephonic conference as is required by this Court's Standing Order. *See* Dkt. No. 32, p. 3 at III.

Plaintiff counters that he did meaningfully exhaust the meet-and-confer requirements under LCR 37(a)(1) by meeting with Defendants' counsel on three separate occasions to discuss his concerns regarding Defendants' production, but that such meetings did not resolve his concerns. Plaintiff also argues that this Court's requirement that parties schedule a telephone phone conference with the Court prior to filing a motion to compel does not apply to the instant motion. Dkt. No. 75 at 5.

The Court will dispose of the easiest argument first. Section III "Discovery Disputes" of the Court's Standing Order unequivocally states that in the event a discovery dispute arises and "the parties are unable to reach an agreement on [the issue] after conferring, they shall arrange a telephone hearing with the Court regarding the issue." Dkt. No. 32, p. 3. The Standing Order further instructs that an "opposed discovery motion[]" shall not be filed until the telephone hearing has occurred. *Id*. Plaintiff failed to comply with these instructions; as such, the Court could "summarily den[y] or stri[ke]" the motion. *Id*. However, given that Plaintiff is pro se, and the need to move this case forward, the Court will address Plaintiff's motion. In the future, the Court expects Plaintiff to comply with the procedures set forth in the Standing Order.

As for Defendants' claim that Plaintiff failed to comply with the meet and confer requirement under LCR 37(a)(1), the Court disagrees. Both parties admit that they met at least three times in an effort to resolve Plaintiff's concerns about Defendants' document production. Indeed, these meeting resulted in the additional production of documents. The Court appreciates

the effort demonstrated by Defendants' counsel to work cooperatively with Plaintiff (as evidenced by the email correspondence cited in Defendants' opposition to the instant motion) and agrees it would have been more productive had Plaintiff continued to meet with counsel. Nevertheless, the Court concludes that Plaintiff has sufficiently exhausted the meet-and-confer requirement under LCR 37(a)(1) to move forward with the instant motion.

### B.   Whether Defendants Have Complied with Their Discovery Obligations

As stated above, Plaintiff bears the burden of informing the Court which discovery requests are the subject of the motion to compel and why Defendants' responses are insufficient. *Hupp*, 2014 WL 1404510, *2 (S.D. Cal. April 10, 2014); see also Dkt. No. 32, p. 3 at III Standing Order (requiring that a motion to compel contain "verbatim recitations of the discovery request[s]" that the movant believes have not been appropriately responded to by the producing party, as well as a recitation of the "objection (if any)" to the requests). Without this information, the Court is placed in the untenable position of having to simply guess what Plaintiff's objections are to Defendants' production. Worse yet, Defendants are unable to adequately respond to Plaintiff's objections.

Plaintiff provides none of the required information in his motion to compel. Plaintiff does better in his reply brief where he sets forth for the first time the specific documents he claims Defendants have refused to provide him. Specifically, he claims that Defendants have refused to produce "his daily log of tasks and activities, specific logs of discriminative and harassment occurrences, all communication and materials shared between Talx Uclm Services and the Boeing company as it pertains to the plaintiff, all emails folders within the plaintiff's Boeing outlook email system, Audits and completed tasks and assignment data and possibly [a] copy of performance evaluation of the plaintiff work on the 787 program while a contractor of the Boeing Company … [.]" Dkt. No. 75 at 10. However, Plaintiff still fails to identify which specific discovery such

documents would be responsive to, nor state what Defendants' objection is to producing such documents. Furthermore, given that Plaintiff provides this detail for the first time in his reply brief, Defendants did not have a chance to respond.

However, Defendants' opposition makes it clear that it has already provided "[d]ocuments related to [Plaintiff's] work stored on Boeing's share files", "[d]ocuments related to [the] audit [Plaintiff] performed as an independent contractor", and "[i]nvestigation files maintained by Boeing's EEO and Ethics departments regarding Plaintiff's challenges to his corrective actions, including all materials, such as substantive work product, that Plaintiff himself submitted to the investigator to support his claim that corrective action was unwarranted". *See* Dkt. No. 73 generally. Defendants further clarify that they produced these documents in the "custodian files . . . as they were kept by each custodian in their normal course of business, without reordering, dismantling, or deduplicating—and certainly without falsifying, fabricating, or tampering with such documents." Dkt. No. 73 at 12. Thus, it appears from the record that Defendants have complied with Plaintiff's discovery requests. Thus, it is clear to the Court that Defendants have complied with their discovery obligations. Plaintiff's motion to compel must be denied.

## V.     CONCLUSION

For the foregoing reasons, this Court HEREBY DENIES Plaintiff's motion to compel. Dkt. No. 70. If further discovery disputes arise in the future, the parties shall request a telephone hearing with the Court before filing a motion to compel.

Dated this 24th day of July 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE