UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SETONDJI NAHUM,

          *Plaintiff*,

v.

THE BOEING COMPANY, *et al.*,

          *Defendants*.

CASE NO. 2:19-cv-1114-BJR

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSE TO SUBPOENA ISSUED BY THE PLAINTIFF TO SAFRAN ELECTRICAL AND POWER SYSTEMS

## I.   INTRODUCTION

Before the Court is Plaintiff's motion to compel compliance with a third-party subpoena to Safran Electrical & Power USA L.L.C. ("Safran"). Mot. to Compel Resp. to Subpoena Issued by the Pl. to Safran, Dkt. No. 99 ("Mot."). Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny Plaintiff's Motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

The Court has set forth the facts of this case in multiple previous orders. *See* Dkt. Nos. 42, 62, 77, 81, 86. In brief, Plaintiff is a former employee of Defendant The Boeing Company ("Boeing"), who claims that Boeing discriminated and retaliated against him leading to his termination from employment. Through numerous motions to dismiss and motions to reconsider those dismissals, only Plaintiff's claims for discrimination, harassment (hostile work

1

environment), and libel remain. See Dkt. Nos. 42 (Order Granting in Part and Denying in Part Defendants' Motion to Dismiss), 47 (Amended Complaint), 62 (Order Denying Plaintiff's Motion for Reconsideration and Denying Defendants' Motion to Dismiss), 65 (Minute Order Denying Plaintiff's Motion for Reconsideration of Court's Order Denying Motion for Reconsideration).

On August 26, 2020, Plaintiff issued a third-party subpoena to Safran seeking records. See Mot. at 2; see also Mot., Ex. B, Dkt. No. 99-1 at 10. According to Plaintiff's Amended Complaint, he worked at Safran, which is a subcontractor of Boeing, and produced quality audits critical of Boeing. See Am. Compl. at 11, 33–36. In the course of conducting a skills rating review of Plaintiff, Boeing required Plaintiff to submit the audits. Plaintiff claims that after reviewing these critical reports, Boeing decided to retaliate against him.

Plaintiff asserts Safran has failed to respond to his subpoena and requests that the Court order Safran to do so. See Mot., Dkt. No. 99. Defendants contend the subpoena is untimely and irrelevant to Plaintiff's remaining claims. Defs.' Opp'n to Pl.'s Mot. to Compel Resp. to Subpoena, Dkt. No. 103 ("Resp.").

### III. DISCUSSION

**A. Timeliness**

Plaintiff's subpoena was issued on August 26, 2020, and noted for response by September 9, 2020, Mot., Ex. B, Dkt. No. 99-1 at 11. Discovery in this matter closed on September 2, 2020. Order Setting Trial Date and Related Dates, Dkt. No. 58. Defendants point out that enforcing the subpoena would result in prejudice to them in that, since discovery is closed, they would be unable to take depositions on the substance of the documents.

"A [third-party] subpoena pursuant to Federal Rule of Civil Procedure 45 . . . is not exempt

from discovery deadlines in scheduling orders." *InfoDeli, LLC v. Amazon Web Servs., Inc.*, No. 17-cv-0281, 2017 WL 1426187, at *2 (W.D. Wash. Apr. 21, 2017) (quoting *Dag Enterprises, Inc. v. Exxon Mobil Corp.*, 226 F.R.D. 95, 104 (D.D.C. 2005)). As both the subpoena's response date and Plaintiff's Motion are past the Court's September 2 discovery deadline, and since granting Plaintiff's motion would require the reopening of discovery, the Court considers Plaintiff's Motion to be a request to extend the discovery deadline.

Once a Court's deadline has passed, a movant must establish good cause to amend the Court's scheduling order. Fed. R. Civ. P. 16 (b)(4); *see also DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) ("[w]here ... a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under [FRCP] 16's 'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)"). The "central inquiry" in establishing good cause is "whether the requesting party was diligent in seeking the amendment." *DRK Photo*, 870 F.3d at 989. The Court may also consider the prejudice to the non-movant when determining whether good cause exists to amend a deadline. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff has not demonstrated good cause. He has long known of Safron's role in his claims. Safron, and Plaintiff's quality audits, appear in Plaintiff's original Complaint, which is dated July, 18, 2019. Compl., Dkt. No. 1 at 11, 31–34. Thus, Plaintiff has long known the relevance of the evidence he now seeks, but has failed to explain why he waited until the last minute of discovery to seek such information.

Additionally, Plaintiff did not file his Motion until October 18, 2020. This is over a month past the date he noted in his subpoena for Safron's response. This delay is significant because in

the interim the parties have filed their motions for summary judgment and reopening discovery at this time would require redoing the pending motions. Based on the foregoing, the Court finds that Plaintiff has not been diligent in pursuing the evidence he seeks or enforcing his subpoena.

Further, the Court finds that the prejudice to Defendants weighs heavily in favor of denying the extension Plaintiff seeks. The parties are midway through briefing motions for summary judgment. Plaintiff seeks no less than a complete reopening of discovery, as Defendants would have to conduct follow-on discovery and depositions in response to Safran's reply and, most likely, have to rebrief their summary judgment motion.

### B. Relevance

Examining the evidence which Plaintiff seeks, the Court determines its relevance is minimal. While Plaintiff argues that these materials relate to his discrimination claim, he fails to establish that this is the case. Instead, the information Plaintiff seeks from Safron relates to the audits he prepared while employed there. These audits form the basis of Plaintiff's claim that Boeing retaliated against him, a claim which this Court has already dismissed. As such, the relevance of the information sought, weighed against the prejudice to Defendants, establishes that Plaintiff has failed to show good cause to amend the Court's discovery deadline.

### IV.   CONCLUSION

For the foregoing reasons, the Court hereby DENIES Plaintiff's motion to compel compliance with a third-party subpoena.

DATED this 23rd day of October, 2020.

_Barbara J. Rothstein_
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE